UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE MENDOZA,

                Plaintiff,

             -v.-

901 COLUMBUS DELI CORP. *d/b/a* SAMMY'S DELI, 901 FRESH DELI CORP. *d/b/a* SAMMY'S DELI, SAID MOHSIN M SALEH, and MOHAMED ABOLO SHUAIBI,

                Defendants.

24 Civ. 9586 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The procedural history of this case was explained in the Court's Order of July 11, 2025. (Dkt. #16). On December 16, 2024, Plaintiff Jorge Mendoza ("Plaintiff") initiated this case by filing the Complaint. (Dkt. #1). On January 23, 2025, Defendant 901 Fresh Deli Corp. appeared (Dkt. #11) and filed its Answer (Dkt. #13). Then, on April 24, 2025, Plaintiff's counsel from Joseph & Norinsberg, LLC ("Counsel") requested to be relieved as counsel pursuant to Local Civil Rule 1.4. (Dkt. #14). Counsel sought to withdraw because of "Plaintiff's failure to communicate with Counsel or respond to any of Counsel's many attempts to contact him for an extended period." (*Id.*). Counsel indicated that Plaintiff had not responded to Counsel's attempts to contact him for approximately four months. (*Id.*).

    The Court granted Counsel's request to withdraw from this case. (Dkt. #15). In so doing, the Court gave Plaintiff until July 2, 2025, to either obtain new counsel or indicate that he wished to proceed *pro se.* (Dkt. #15). At that

time, the Court warned Plaintiff that failure to do so would result in "dismissal of this action for failure to prosecute." (Dkt. #15). Plaintiff took no action. (Dkt. #16). As a result, on July 11, 2025, the Court ordered Plaintiff to show case in writing, on or before August 11, 2025, as to why this case should not be dismissed for failure to prosecute and failure to comply with Court orders. (*Id.*). Plaintiff did not respond to that order and has taken no further action in the case.

A court may dismiss an action due to a plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (recognizing federal courts' inherent authority to dismiss for the same reasons). Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake* v. *Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann* v. *Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Nonetheless, it has also stated that the

authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should weigh five factors:

> [i] [T]he duration of the plaintiff's failure to comply with the court order, [ii] whether plaintiff was on notice that failure to comply would result in dismissal, [iii] whether the defendants are likely to be prejudiced by further delay in the proceedings, [iv] a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and [v] whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *Nita* v. *Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of this action. Plaintiff has consistently failed to prosecute this case over a period of months. Even before Plaintiff stopped complying with Court orders, he had not responded to Counsel for four months. Altogether, neither the Court nor Counsel have heard from Plaintiff in about eight months.

This pattern of non-compliance has persisted despite the Court's efforts to work with Plaintiff and give him an opportunity to be heard. (Dkt. #15). The Court has also provided explicit notice to him that his failure to prosecute and comply with Court orders would result in dismissal. (Dkt. #15, 16). Further,

the Court has considered — and attempted to implement — less drastic sanctions in the form of warnings.  (*Id.*).

Accordingly, the Court DISMISSES this action with prejudice for failure to prosecute and for failure to comply with Court orders.  *See Murphy* v. *Spaulding*, No. 20 Civ. 9013 (KMK), 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) (dismissing case for failure to prosecute after plaintiff neglected to file a second amended complaint or respond to the Court's show cause order); *Djokovic* v. *U.S. Justice Dep't*, No. 07 Civ. 2608 (SJ), 2008 WL 3200191, at *1-2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for failure to prosecute when plaintiffs failed to respond to court order asking them to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action"); *Lopez* v. *Catholic Charities of the Archdiocese of N.Y.*, No. 00 Civ. 1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute when plaintiff "ceased to prosecute [the] action at all" for three months).

The Clerk of Court is directed to: (i) file this Order on the docket; (ii) mail a copy of this Order to Plaintiff at his address of record; and (iii) terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:  August 18, 2025
        New York, New York

                                          KATHERINE POLK FAILLA
                                         United States District Judge